# COPY

1  WRIGHT, FINLAY & ZAK, LLP
2  T. Robert Finlay, Esq., SBN 167280
   Lukasz I. Wozniak, Esq., SBN 246329
3  4665 MacArthur Court, Suite 280
4  Newport Beach, CA  92660
   (949) 477-5050; Fax: (949) 608-9142
5  Email: lwozniak@wrightlegal.net

6

7  Attorneys for Defendants,
   OCWEN LOAN SERVICING, LLC and HSBC BANK USA, NATIONAL
8  ASSOCIATION, AS INDENTURE TRUSTEE FOR PEOPLE'S CHOICE
9  HOME LOAN SECURITIES TRUST SERIES 2005-2

FILED
CLERK, U.S. DISTRICT COURT
AUG 2 0 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

10          **UNITED STATES DISTRICT COURT**

11     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

| | |
|---|---|
| ANA ARREDONDO, an individual; | ) Case No. **CV13-06088** |
| Plaintiff, | ) Assigned to: *CAS (MAN)* |
| vs. | ) **NOTICE OF REMOVAL OF** |
| | ) **ACTION PURSUANT TO 28 U.S.C.** |
| HSBC BANK USA, N.A.,  a nationally | ) **§1441(b) (Diversity of Citizenship)** |
| chartered bank as trustee for the | ) |
| People's Choice Home Loan Securities | ) |
| Trust, Series 2005-2;  OCWEN LOAN | ) |
| SERVICING, LLC, a Delaware limited | ) |
| liability company licensed to do | ) |
| business in California; and DOES 1 | ) |
| through 20 inclusive, | ) |
| Defendants. | ) |

25      **TO THE CLERK OF THE UNITED STATES DISTRICT COURT**

26  **FOR THE CENTRLAL DISTRICT OF CALIFORNIA:**

27       **PLEASE TAKE NOTICE** that defendants OCWEN LOAN SERVICING,

28  LLC and HSBC BANK USA, NATIONAL ASSOCIATION, AS INDENTURE

-1-
NOTICE OF REMOVAL

1   TRUSTEE FOR PEOPLE'S CHOICE HOME LOAN SECURITIES TRUST
2   SERIES 2005-2 hereby remove to this Court, the state court action described
3   below:

4          1.     On July 31, 2013, Plaintiff ANA ARREDONDO ("Plaintiff") filed a
5   complaint against Defendants in the Superior Court of the State of California,
6   County of Los Angeles, entitled Arredondo v. HSBC Bank USA, N.A., et al. Case
7   No. BC516890 ("State Court Action.")  A true and correct copy of that Summons
8   and Complaint are attached hereto as **Exhibit "A."**

9          2.     Per the State Court's docket, a true and correct copy of which is
10   attached as **Exhibit "B,"** Defendants were served with a copy of the Summons
11   and Complaint on or about August 13, 2013.

12         3.     Defendants are unaware of and the docket does not reflect an
13   appearance by any other defendant. Accordingly, no consent to this removal is
14   necessary.

15                    **<u>DIVERSITY OF CITIZENSHIP</u>**

16         4.     The State Court Action may be removed to this Court in accordance
17   with 28 USC section 1441(b) since this Court has original jurisdiction, pursuant
18   to 12 USC section 1332, on the basis of diversity jurisdiction, in that it is a civil
19   action between citizens of different states and the matter in controversy exceeds
20   the sum of $75,000.

21         5.     Complete diversity of citizenship exists in that, upon information
22   and belief, Plaintiff is a citizen of the State of California.  In her Complaint,
23   Plaintiff alleges that she resides in the County of Los Angeles, State of
24   California. (Cplt., ¶2.)  Further, Plaintiff's attempt to set aside the foreclosure
25   sale to the real property located at 2418 Belgrave Ave., Huntington Park, CA
26   90255 ("Property") demonstrates that Plaintiff is domiciled in Huntington Park,
27   CA.  *See, Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir., 2001);
28   *Altimore v. Mt. Mercy College*, 420 F.3d 763, 768–769 (8th Cir., 2005); *Acridge*

1  *v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir.,
2  2003).

3       6.      Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a limited
4  liability company organized under the laws of the State of Delaware and is
5  headquartered in West Palm Beach, FL.  Neither of its two members are residents
6  or citizens of California. (*See,* **Exhibit "C."**)

7       7.      Defendant is a national banking association chartered under the laws
8  of the United States with its main office in Virginia.  "All national banking
9  associations shall, for the purposes of … actions by or against them, be deemed
10  citizens of the States in which they are respectively located." 28 USC §1348.  A
11  national bank is located, for diversity jurisdiction purposes, only in the state
12  designated as its main office (and not in every state where it has branch offices).
13  *Wachovia Bank v. Schmidt*, 126 S. Ct. 941, 946-52 (2006).  Wells Fargo's main
14  office is located in McIean, VA.  As such, HSBC is a citizen of **Virginia** for
15  purposes of diversity of citizenship jurisdiction.

16       8.      Upon information and belief, DOES 1 through 20 have not been
17  named or served, and thus their citizenship is irrelevant.  *Cabriales v. Aurora*
18  *Loan Servs.,* 2010 U.S. Dist. LEXIS 24726, at *6-7 (N.D. Cal., Mar. 2, 2010);
19  *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461 (1980) ("[a] federal court must
20  disregard nominal or formal parties and rest jurisdiction only upon the citizenship
21  of real parties to the controversy"); 6 C. Wright & A. Miller, Federal Practice and
22  Procedure § 1556, pp. 710-711 (1971).

23                    **AMOUNT IN CONTROVERSY**

24       9.      In her Complaint, Plaintiff seek to set aside the foreclosure sale of
25  the Property, injunction of eviction, and general and punitive damages, all in the
26  amount that exceeds $75,000.00.  Therefore, this Action meets the jurisdictional
27  amount in controversy.
28  / / /

**NOTICE IS TIMELY**

10. Defendants obtained a copy of the Complaint on or about August 9, 2013. Therefore, Defendants brings this Notice of Removal within thirty (30) days of the date of receipt of summons and complaint and ascertaining that the case is removable and within one year after the commencement of the action. 28 USC §1446(b)(3) and (c).

11. Pursuant to 28 USC §1446(a), Defendants file this Notice in the District Court of the United States for the district and division within which the State Court Action is pending.

12. Pursuant to 28 USC §1446(d), a copy of this Notice with its attachments will promptly be served on Plaintiffs in the State Court Action, and notice thereof will be filed with the clerk of the Los Angeles County Superior Court.

**WHEREFORE**, the Action is hereby removed from the State Court to this United States District Court, and removing Defendants pray that this District Court proceed, pursuant to 28 USC §1441, as well as any other relevant and applicable law, as if this Action had been originally filed in this District Court, and that the proceedings in the State Court be stayed in all respects

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: August 19, 2013          By:      /s/
T. Robert Finlay, Esq.,
Lukasz I. Wozniak, Esq.,
Attorneys for Defendants,
OCWEN LOAN SERVICING, LLC and
HSBC BANK USA, NATIONAL
ASSOCIATION, AS INDENTURE
TRUSTEE FOR PEOPLE'S CHOICE
HOME LOAN SECURITIES TRUST
SERIES 2005-2

# EXHIBIT "A"

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* HSBC BANK USA, N.A., a nationally chartered bank as trustee for the People's Choice Home Loan Securities Trust, Series 2005-2; OCWEN LOAN SERVICING, LLC, a Delaware limited liability company licensed to do business in California; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANA ARREDONDO, an individual

<table>
<tr><td>

FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court

JUL 31 2013

John A. Clarke, Executive Officer/Clerk<br>By Amber Hayes, Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court, Mosk Courthouse<br>111 North Hill Street, Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>B C 5 1 6 8 9 0 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles Evans - State Bar No. 251780; LEGAL AID FOUNDATION OF LOS ANGELES - (323) 801-7952
1102 Crenshaw Boulevard, Los Angeles, California 90019

| DATE:<br>*(Fecha)* | **John A. Clarke** | Clerk, by<br>*(Secretario)* | **Amber Hayes** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

JUL 31 2013

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov

1  Charles Evans – State Bar No. 251780
   LEGAL AID FOUNDATION OF LOS ANGELES
2  1102 Crenshaw Boulevard
3  Los Angeles, CA 90019
   Telephone: (323) 801-7952 [CE]
4  Facsimile: (323) 801-7921

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 31 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

5  Attorneys for Plaintiff ANA ARREDONDO

6          SUPERIOR COURT OF THE STATE OF CALIFORNIA
7              FOR THE COUNTY OF LOS ANGELES

8  ANA ARREDONDO, an individual,     )  CASE NO.    BC516890
                                     )
9              Plaintiff,            )
                                     )  **COMPLAINT FOR:**
10                                   )
       vs.                          )  **(1) WRONGFUL FORECLOSURE;**
11                                   )
                                     )  **(2) PROMISSORY ESTOPPEL;**
12                                   )
13 HSBC BANK USA, N.A., a nationally )  **(3) BREACH OF CONTRACT - GOOD**
   chartered bank as trustee for the People's )  **FAITH & FAIR DEALING;**
14 Choice Home Loan Securities Trust, Series )
   2005-2; OCWEN LOAN SERVICING, LLC, )  **(4) NEGLIGENCE;**
15 a Delaware limited liability company licensed )
   to do business in California; and DOES 1 )  **(5) INTENTIONAL INFLICTION OF**
16 through 20, inclusive               )      **EMOTIONAL DISTRESS; AND**
                                     )
17                                   )  **(6) VIOLATION OF BUS. & PROF. CODE**
                                     )      **§ 17200, *ET SEQ.***
18             Defendants.           )
   _____)

19
20                      **INTRODUCTION**

21      1.      This is an action brought by a 58 year old single woman with limited English

22 proficiency whose home was sold at a trustee's sale by agents for Defendants HSBCBANK and

23 OCWEN. OCWEN. HSBCBANK's loan servicer, mishandled Plaintiff's mortgage account in a way

24 that caused Plaintiff's mortgage to default. When Plaintiff attempted to apply for a loan modification,

25 she was instructed by OCWEN to no submit the application at that time, to perform additional tasks

26 and documents those tasks, to submit her loan modification application with documentation of those

27 additional tasks. At that time, OCWEN promised her that the foreclosure would be delayed to give

28 her time to perform additional tasks before submitting her loan modification application. Plaintiff

1

1  began performing the additional tasks but Defendants foreclosed on Plaintiff's home before the

2  agreed upon time period had elapsed.  Ms. Arredondo's home during the promised delay despite

3  having caused her default.  Plaintiff seeks to restore title in her home, injunctive relief, and damages

4  for the negligent and intentional conduct of Defendants.

5                                                        **PARTIES**

6            2.      Plaintiff Ana Arredondo (hereinafter "Arredondo") is a resident of the County of Los

7  Angeles, State of California.

8            3.      Defendant HSBC Bank USA, N.A., (hereinafter "HSBC") is a nationally chartered

9  bank.  Plaintiff is informed and believes that HSBC is the trustee for the People's Choice Home Loan

10  Securities Trust, Series 2005-2.

11           4.      Defendant Ocwen Loan Servicing, LLC, (hereinafter "Ocwen") a Delaware limited

12  liability company licensed to do business in California under California Secretary of State license

13  number 200213810063.

14           5.      Plaintiff is ignorant of the true names and capaHSBCes of defendants sued herein as

15  Does 1 - 20, inclusive and therefore sues these defendants by such fictitious names.  Plaintiff will

16  amend this complaint to allege their true names and capaHSBCes when they have been ascertained.

17  Plaintiff is informed and believes and thereupon alleges, that each of said fictitiously named

18  defendants, are responsible in some manner for the occurrences herein alleged, and that Plaintiff's

19  injuries as herein alleged, were proximately caused by the acts and or omissions of each of them.

20           6.      Plaintiff is informed and believes, and thereupon alleges, that at all times herein

21  mentioned each of the defendants was acting as an agent, servant or employee of the remaining

22  defendants and was at all times acting within the course and scope of said agency, service or

23  employment.

24                                        **SUBJECT REAL PROPERTY**

25           7.      The real property which is the subject of this action (hereinafter "Subject Property") is

26  a single family residence commonly known as 2418 Belgrave Avenue, Huntington Park, California

27  90255, legally described as:

28            LOTS 1 OF TRACT NO. 45727. IN THE CITY OF HUNTINGTON PARK, IN
            THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER

                                                            2

                                                    COMPLAINT

MAP RECORDED IN BOOK 1111 PAGE(S) 35 AND 36 OF MAPS, IN THE OFICE FOHTE COUNTY RECORDER OF SAID COUNTY.

Assessor's Parcel No.: 6321-004-055

## FACTUAL ALLEGATIONS

8.      Plaintiff Arredondo is a single woman who lives on the Subject Property with her daughter and grandchildren. She acquired title to the Subject Property in 2004. Prior to the events described herein, Plaintiff owned the Subject Property as her sole and separate property.

9.      In January 2005, Plaintiff took out a mortgage of $270,000 (hereinafter "Loan") from People's Choice Home Loan, Inc.  The Loan was secured by the Subject Property via a Deed of Trust dated January 27, 2005, and recorded on February 10, 2005, with the Los Angeles County Recorder's Office as Document No. 20050311487 (hereinafter "Deed of Trust").  The beneficiary of the Deed of Trust was Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), purportedly as nominee for the lender, People's Choice Home Loan, Inc., its successors and assigns.

10.     Plaintiff is informed and believes that People's Choice Home Loan, Inc. ceased business and was no longer licensed as of August 12, 2008.

11.     Plaintiff is informed and believes that Defendant HSBC caused to be recorded on or about August 24, 2012 a document which purported to assign the beneficial interest for the Deed of Trust from MERS to Defendant HSBC.  Plaintiff is informed and believes that MERS did not actually hold any beneficial interest in the Subject Property at that time, as it was merely a nominee for People's Choice Home Loan, Inc., which had already gone out of business.  Plaintiff is informed and believes that no interest in the Deed of Trust was ever actually assigned.

12.     Since the origination of the Loan, Plaintiff's property tax and homeowner's insurance payments were paid through an escrow account managed by the Loan's servicer.  Plaintiff's monthly mortgage payment to the Loan's servicer included additional sums for maintaining the balance fo the escrow account prior to the events described herein.

13.     In approximately 2010 and 2011, the servicing rights for the Loan were transferred multiple times.  The final servicer was Defendant Ocwen.  Once Defendant Ocwen took over the

1    servicing for the Loan, it told Ms. Arredondo that her escrow account was deficient and that her

2    monthly mortgage payments would be increased.

3          14.    Plaintiff is informed and believes that she made all of the necessary escrow payments

4    to prevent the Loan's escrow account from becoming deficient.  However, the frequent changes in the

5    Loan's servicer, combined with Plaintiff's lack of sophistication in mortgage accounting and limited

6    English proficiency, makes it impractical for Plaintiff to identify the source of any error in the

7    accounting of the Loan's escrow account.  Plaintiff is informed and believes that Defendant Ocwen,

8    as successor servicer and agent for Loan's alleged beneficiary, was responsible for keeping accurate

9    records, ensuring all payments were received from prior servicers, and for adequately justifying any

10   increases needed in the Loan's monthly payment.

11         15.    Plaintiff could not afford the higher monthly mortgage payment demanded by

12   Defendant Ocwen.  Plaintiff defaulted on the Loan as a result of the higher payments demanded by

13   Ocwen.

14         16.    On or about August 30, 2012, Western Progressive, LLC, caused to be recorded a

15   Notice of Default as document number 20121302764 with the Recorder's Office for the County of

16   Los Angeles. (hereinafter "NOD".)  In the NOD, Western Progressive, LLC, claims to be an agent for

17   Defendant HSBC and to be assisting Defendant HSBC with the collection of the Loan.  The NOD

18   includes a recital that someone complied with Civil Code § 2923.5 in regards to the Loan.  A true and

19   correct copy of the NOD is attached hereto and incorporated by reference as Exhibit A.

20         17.    Plaintiff applied for a loan modification in 2012.  Defendant Ocwen repeatedly

21   demanded additional documentation.  Plaintiff provided all of the documentation demanded by

22   Defendant Ocwen.  Defendant Ocwen falsely claimed that Plaintiff had not submitted all of the

23   documents required.

24         18.    Defendants scheduled a trustee's sale of the Subject Property for January 7, 2013.  The

25   sale was rescheduled multiple times.  Plaintiff never received any written notice stating the dates to

26   which the trustee sale was rescheduled.  Plaintiff only knew of the rescheduled dates, if at all, because

27   of her efforts to deal with Defendant Ocwen.

28

COMPLAINT

19.     In April 2013, Plaintiff attended a local event organized to help homeowners meet with servicer representatives to discuss avoiding foreclosure.  At the time of this event, the foreclosure of the Subject Property was scheduled for sometime in May 2013.  At the event, Plaintiff met with a representative of Defendant Ocwen.  Plaintiff intended to submit a loan modification application which included information on the changes in her financial situation since her 2012 loan modification application.  Defendant Ocwen's representative instructed Plaintiff to not submit her loan modification at that time.  He instructed her to change the manner in which she deposited and spent her income during April, May, and June, to collect her bank statements showing those changes, and resubmit her loan modification application in the first week of July.  He wrote down exactly what documents he wanted her to include in her loan modification application and included his email address so that the loan modification application could be submitted to him.  Defendant Ocwen's representative promised Plaintiff that the trustee's sale would be postponed again to give Plaintiff the time to comply with the representative's instructions and resubmit the loan modification application in July.  Plaintiff believed that the trustee's sale would be postponed again because it had already been postponed multiple times since January.

20.     Plaintiff is informed and believes that the Defendants conducted a trustee's sale of the Subject Property on or about May 23, 2013.

21.     Plaintiff discovered that the trustee's sale had not been postponed as promised on or about June 12, 2013.  Plaintiff had been complying with Defendant Ocwen's instructions and would have been able to submit her loan modification application with the documents showing compliance with Defendant Ocwen's instructions in the first week of July as she was instructed, had Defendants not proceeded with the trustee's sale.

22.     Plaintiff is informed and believes that she would have qualified for a loan modification or similar relief had she had an opportunity to submit her completed loan modification application prior to the foreclosure.  Plaintiff is informed and believes that her financial situation had sufficiently changed since her 2012 loan modification application that she would have been entitled to a postponement of the foreclosure pursuant to Civil Code § 2923.6 if she had submitted her loan

5

COMPLAINT

1    modification application in April 2013 as she intended.  But for the instructions of Defendant Ocwen,

2    Plaintiff would have submitted her loan modification application in April 2013.

3         23.    Plaintiff is informed and believes that Defendant Ocwen is a successor signatory to the

4    national mortgage settlement, which settled the multi-state attorney general lawsuit against the five

5    largest mortgage servicers in the U.S. for foreclosure-related servicing abuses.  One of the

6    requirements agreed to by signatories to the national mortgage settlement is that borrowers who

7    applied for a loan modification prior to 37 days before foreclosure are required to postpone

8    foreclosure while the modification application is being reviewed, and to provide a readily accessible

9    single point of contact for borrowers.  If Defendant Ocwen appointed a single point of contact for

10   Plaintiff regarding the Loan, that single point of contact was not readily available.  Plaintiff would

11   have been able to submit a loan modification application prior to 37 days before the scheduled

12   trustee's sale, but for Defendant Ocwen's instruction to Plaintiff that she submit her application in

13   July.

14        24.    Plaintiff has consistently attempted to workout a reasonable manner of bringing the

15   Loan current with Defendants.  Plaintiff is still willing and able to tender a reasonable modified

16   mortgage amount on a monthly basis until the Loan is paid in full.  However, Plaintiff denies that the

17   outstanding escrow balance claimed by Defendant Ocwen is correct and refuses to pay the disputed

18   sums without justification.

19        25.    The Subject Property is Plaintiff's only home.  The actions described herein have

20   caused her substantial anxiety and distress over the possibility that she will lose her home, humiliation

21   for believing the statements of Defendant Ocwen, and fear that her family will become homeless.

22

23                              **FIRST CAUSE OF ACTION**
                               **WRONGFUL FORECLOSURE**
24                                **(Against All Defendants)**

25        26.    Plaintiff restates and re-alleges all paragraphs above as if fully set forth and

26   incorporated herein.

27        27.    The recital of compliance with Civil Code § 2923.5 attached to the NOD (Exhibit A)

28   in this matter is insufficient and false.  The statement is not a declaration as required by Civil Code §

6

2923.5. Even if the statement were a declaration, the statement does not actually describe what occurred or who took the action; it merely says that someone did at least one of the acts required by law. Furthermore, Plaintiff is informed and believes that she was never contacted by anyone on behalf of the Defendants. Had any of the Defendants attempted to contact Plaintiff, she would have gladly discussed her financial situation and options to avoid foreclosure.

28.   Defendants had no authority to conduct a trustee's sale because none of the Defendants had an enforceable beneficial interest in the Deed of Trust. As MERS, a mere nominee for People's Choice Home Loan, cannot have conveyed any interest on behalf of the non-existent entity, it was unable to assign the Loan's beneficial interest in the Deed of Trust to Defendant HSBC. As a result, the NOD, the Notice of Trustee's Sale, and the Trustee's Deed Upon Sale were all executed without authority and are void.

29.   The trustee's sale was conducted without right because Plaintiff's loan modification application would have been pending and the foreclosure would have had to be postponed, but for Defendant Ocwen's instruction to Plaintiff to delay submitting the loan modification application. If Plaintiff had not been instructed to delay submitting her loan modification application, Civil Code § 2923.6 would have required Defendants to postpone the trustee's sale. As a matter of equity, Defendants should not be allowed to circumvent their obligations under the law by instructing homeowners to not submit their loan modification applications in a timely fashion. Plaintiff was promised that the trustee's sale would be postponed while she followed Defendant Ocwen's instructions regarding submission of the loan modification application. Relying on Defendant's representations, Plaintiff delayed submitting her loan modification application. Despite these assurances, Chase proceeded with the May 23, 2013, trustee's sale.

30.   Plaintiff is informed and believes that the Defendants acted unfairly and with gross negligence toward Plaintiff in conducting a trustee's sale despite their representations that the foreclosure sale would be postponed.

31.   For the reasons described herein, Plaintiff is entitled to have the trustee;s sale of the Subject Property set aside and cancelled. Plaintiff is also entitled to a full and fair opportunity to apply for a modification of the Loan.

1

2

3

**SECOND CAUSE OF ACTION**
**PROMISSORY ESTOPPEL**
**(Against All Defendants)**

4     32.     Plaintiffs restate and re-allege all paragraphs above as if fully set forth herein.

5     33.     As described above, Plaintiff was promised that if she delayed submitting her loan

6     modification application and performed the tasks as instructed by Defendant Ocwen, Defendants

7     would postpone the scheduled foreclosure sale and allow her to submit her loan modification

8     application in July.

9     34.     In reliance on Defendant Ocwen's promises, Plaintiff took the time to follow the

10    instructions she was given, gather supporting documents, and prepare her loan modification

11    application.  In addition, Plaintiff did not pursue other options, such as filing for Chapter 13

12    bankruptcy, looking for alternative housing, or selling her home, because she reasonably relied upon

13    the Defendant Ocwen's assertions that the sale would be postponed and she could apply for a loan

14    modification in July.

15    35.     Defendants failed to postpone the trustee's sale and the Subject Property was

16    purportedly sold on May 23, 2013.

17    36.     But for Defendant Ocwen's instructions and promises, which Plaintiff reasonably

18    relied upon, Plaintiff could have submitted her loan modification application in April 2013, the

19    trustee's sale would have been postponed under Civil Code § 2923.6, and Plaintiff could have worked

20    with Defendants regarding the tasks which Defendant Ocwen wanted her to complete.  As a result of

21    Plaintiff's reasonable reliance upon Defendant Ocwen's promises, Plaintiff was denied the ability to

22    explore alternative options and suffered the loss of title to the Subject Property.

23    37.     Defendants' failure to postpone the trustee's sale as promised resulted in a grave

24    injustice.  Plaintiff acted reasonably, diligently, and in good faith to her attempts to reinstate the Loan

25    and avoid foreclosure.  This injustice can only be avoided if the trustee's sale is set aside, Plaintiff is

26    given the opportunity to submit her loan modification application as promised, and Defendants are

27    estopped from conducting a trustee's sale until evaluation of the loan modification application is

28    complete.

3

COMPLAINT

38.    Defendants, in doing the actions herein alleged, acted knowingly, intentionally and willfully, with full knowledge or substantial certainty of the injury that would be caused to Plaintiff.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACTUAL COVENANT OF GOOD FAITH & FAIR DEALING
### (Against All Defendants)

39.    Plaintiff restates and re-alleges all paragraphs above as if fully set forth and incorporated herein.

40.    Recently California case law has shown that government efforts to create loan modification programs, to settle nationwide servicing disputes, and to pass laws against undesireable foreclosure practices have created a duty on the part of mortgage servicers and lenders to deal with borrowers in good faith when accepting loan modification applications, evaluating borrower eligibility for a modification, and in modifying mortgage terms.

41.    Defendants breached their contractual obligation to act in good faith and to deal fairly with Plaintiff as described above.

42.    As a direct and proximate result of Defendants herein described failure to deal fairly or in good faith, Plaintiff's monthly mortgage payment increased to an unaffordable degree, she has lost title to her home, and her family faces imminent threat of homelessness.  Furthermore, Plaintiff suffered a loss of income when she was forced to repeatedly take time off from work to try to save the Subject Property from foreclosure.

43.    In taking the actions alleged above, Defendants acted knowingly, intentionally and willfully, with full knowledge or substantial certainty of the injury that would be caused to Plaintiff.

### FOURTH CAUSE OF ACTION
### NEGLIGENCE
### (Against All Defendants)

44.    Defendant Ocwen, as the servicer of the Loan secured by the Subject Property, owed a duty of care to Plaintiff to act as a reasonable servicer would under like circumstances.

45.     A reasonable servicer who had agreed to the terms of the settlement of the multi-state attorneys-general lawsuit would have complied with the terms of the settlement when receiving and evaluation loan modification applications from borrowers of the loans serviced.

46.     A reasonable servicer would comply with the requirements of Civil Code § 2920, *et seq.*, including the new provisions commonly known as the "Homeowners' Bill of Rights", when servicing the loans for which it is responsible.

47.     Defendant Ocwen breached its duty to Plaintiff with actions which include, but are not limited to, those actions described herein.

48.     Defendant Ocwen's conduct actually and proximately caused Plaintiff to lose title to the Subject Property.

49.     Defendant Ocwen's conduct actually and proximately caused Plaintiff to suffer anxiety, humiliation, mental anguish, and extreme emotional distress.  Plaintiff also suffered monetary damages as the result of Defendant Ocwen's conduct.

50.     As Defendant Ocwen was acting for the benefit of Defendant HSBC, Defendant HSBC is also responsible for the herein described negligence of Defendant Ocwen.

51.     Defendants knew or should have known that their conduct would cause the above described injuries to Plaintiff.

### FIFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

52.     Plaintiff restates and re-alleges all paragraphs above as if fully set forth herein.

53.     As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered extreme emotional distress in a sum to be determined at trial.

54.     In doing the actions herein alleged, Defendants acted knowingly, intentionally and willfully, with full knowledge or substantial certainty of the injury that would be caused to Plaintiff.

//

//

//

10

**SIXTH CAUSE OF ACTION**
**VIOLATION OF BUS. & PROF. CODE § 17200, *ET SEQ.***
**(Against All Defendants)**

55.   Plaintiff restates and re-alleges all paragraphs above as if fully set forth herein.

56.   The above-described conduct of defendants denied Plaintiff a fair opportunity to apply for a loan modification in a timely fashion, misled Plaintiff as to whether the foreclosure of her home would be postponed while being considered for a loan modification, misled her as to whether she was genuinely being considered for a loan modification, and misled her as to whether it was possible to reinstate the Loan and save Plaintiff's home from foreclosure.

57.   Plaintiff believes that Defendants above-described conduct was done with knowledge that Plaintiff would be denied an opportunity to obtain a loan modification; with the knowledge that Plaintiff would be misled by their conduct; with knowledge or substantial certainty of the injury which would be caused to Plaintiff; and with knowledge of or gross negligence toward the possibility of foreclosure while the loan modification application was being approved.

58.   By virtue of the unfairness and/or deceptiveness of defendants' conduct, Defendant HSBC holds its interest in the Subject Property as a constructive trustee for Plaintiff's benefit.

59.   Plaintiff has demanded that Defendants proceed with the steps necessary to comply with their promise and their obligation to fairly evaluate her for a loan modification. However, Defendants have refused.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

**AS TO THE FIRST CAUSE OF ACTION**

a.   That this Court order that the Trustee's Deed be set aside and title restored to Plaintiff;

b.   That this Court declare that the trustee's sale conducted on or about March 22, 2013, was conducted in error and is of no legal effect;

11

COMPLAINT

c.   That this Court declare that any Notice of Default and Notice of Trustee's Sale executed pursuant to the assignment of beneficial interest from MERS to Defendant HSBC is void and of no legal effect;

d.   For injunctive relief prohibiting Defendants or their successors in interest, agents, employees or anyone acting on its behalf from attempting to evict Plaintiff or the current residents of the Subject Property or interfering with Plaintiff's quiet enjoyment of her home; and

e.   Grant such other and further relief as this Court deems just and proper.

## AS TO THE SECOND CAUSE OF ACTION

a.   For an order declaring that Defendant HSBC holds its interest in the Plaintiff's home as described above, in trust for Plaintiff;

b.   For an order compelling Defendant HSBC to convey its interest in the Subject Property back to Plaintiff;

c.   For an order compelling Defendant Ocwen to specifically perform its obligation to fairly and in good faith evaluate Plaintiff's loan modification application;

d.   For injunctive relief prohibiting Defendants or their successors in interest, agents, employees or anyone acting on its behalf from attempting to evict Plaintiff or the current residents of the Subject Property or interfering with Plaintiff's quiet enjoyment of her home;

e.   Grant general damages in an amount to be determined at trial;

f.   Grant costs of suit incurred herein; and

g.   Grant such other and further relief as this Court deems just and proper

## AS TO THE THIRD CAUSE OF ACTION

a.   For an order declaring that Defendant HSBC holds its interest in the Subject Property, as described above, in trust for Plaintiff;

12

1     b.    For an order compelling Defendant HSBC to convey its interest in the

2             Subject Property to Plaintiff;

3     c.    For an order compelling Defendant Ocwen to specifically perform its

4             obligation to fairly and in good faith evaluate Plaintiff's loan modification

5             application;

6     d.    For injunctive relief prohibiting Defendants or their successors in interest,

7             agents, employees or anyone acting on its behalf from attempting to evict

8             Plaintiff or the current residents of the Subject Property or interfering with

9             Plaintiff's quiet enjoyment of her home;

10    e.    Grant general damages in amount to be determined at trial;

11    f.    Grant costs of suit incurred herein; and

12    g.    Grant such other and further relief as this Court deems just and proper.

13

14

15               **AS TO THE FOURTH CAUSES ACTION**

16    a.    Grant general damages in an amount to be determined at trial;

17    b.    Grant punitive damages in an amount to be determined at trial;

18    c.    Grant costs of suit incurred herein; and

19    d.    Grant such other and further relief as this Court deems just and proper.

20

21               **AS TO THE FIFTH CAUSE OF ACTION**

22    a.    Grant general damages in an amount to be determined at trial; and

23    b.    Grant punitive damages in an amount to be determined at trial.

24

25               **AS TO THE SIXTH CAUSE OF ACTION**

26    a.    For an order declaring that Defendant HSBC holds its interest in the

27             Subject Property as described above, in trust for Plaintiff;

28

COMPLAINT

1     b.    For an injunction compelling Defendant HSBC to convey its interest in the

2            Subject Property to Plaintiff;

3     c.    For injunctive relief compelling Defendant Ocwen to evaluate the

4            submitted loan modification application or allow Plaintiff to submit a new

5            loan modification application;

6     d.    For injunctive relief prohibiting Defendants or their successors in interest,

7            agents, employees or anyone acting on its behalf from transferring the

8            Plaintiff's home to any entity other than Plaintiff as set forth herein;

9     e.    For injunctive relief prohibiting Defendants or their successors in interest,

10         agents, employees or anyone acting on its behalf from attempting to evict

11         Plaintiff or the current residents of the Subject Property or interfering with

12         Plaintiff's quiet enjoyment of her home; and

13     f.    Grant  such other relief as this Court deems proper and just.

14

15

16    Dated July 31, 2013               Respectfully submitted,

17                           LEGAL AID FOUNDATION OF LOS ANGELES

18

19

20               By: _____

21                     Charles Evans, Esq.

                          Attorneys for Plaintiff ANA ARREDONDO

22

23

24

25

26

27

28

14

COMPLAINT

# EXHIBIT A

Notice of Default, recorded August 30, 2012
Recorder's Office document number 20121302764

# EXHIBIT A

Notice of Default, recorded August 30, 2012
Recorder's Office document number 20121302764

15

This page is part of your document - DO NOT DISCARD

## 20121302764



Pages:
0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

08/30/12 AT 08:00AM

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |



LEADSHEET

201208300160016

00006361869

004246367

SEQ:
02

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED          T79

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

**Western Progressive, LLC**
2002 Summit Blvd, Suite 600
Atlanta, GA 30319
420250

*2012102764*

Loan No.: 7091193453                                TS No.: 2012-23184

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
## DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is ____$56,686.85____ as of ____8/29/2012____, and will increase until your account becomes current.  While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.   In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

**To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:**

**Ocwen Loan Servicing, LLC HSBC Bank USA, National Association, as Indenture Trustee for People's Choice Home Loan Securities Trust Series 2005-2 By Ocwen Loan Servicing, LLC, its attorney in-fact**
**C/O Western Progressive, LLC**
**2002 Summit Blvd, Suite 600**
**Atlanta, GA 30319**
**Beneficiary Phone: 877-596-8580**

Loan No.: 7091193453                    TS No. 2012-23184

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure. **Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

NOTICE IS HEREBY GIVEN:  That **Western Progressive, LLC** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 1/27/2005, executed by **ANA GLORIA ARREDONDO, A SINGLE WOMAN**, as Trustor, to secure certain obligations in favor of  **PEOPLE'S CHOICE HOME LOAN, INC., A WYOMING CORPORATION,  A  CORPORATION,  AS  LENDER,  MORTGAGE  ELECTRONIC REGISTRATION SYSTEMS, INC., AS BENIFICIARY**., recorded 2/10/2005, as Instrument No. 05 0311487, in Book —, Page —,  and rerecorded on — as — of Official Records in the Office of the Recorder of   Los Angeles County, California describing land therein as: **As more particularly described on said Deed of Trust.**

The subject obligation includes **ONE NOTE(S) FOR THE ORIGINAL** sum of **$270,000.00.**  A breach of, and default in,  the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:

**Installment of Principal and Interest plus impounds and/or advances which became due on 9/1/2011 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.**
You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.
**Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.**
Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby,

WE ARE ASSISTING THE BENEFICIARY TO COLLECT A DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THE PURPOSE BY EITHER OURSELVES OR THE BENEFICIARY, WHETHER RECEIVED ORALLY OR IN WRITING.  YOU MAY DISPUTE THE DEBT OR A PORTION THEREOF WITHIN THIRTY (30) DAYS.  THEREAFTER WE WILL OBTAIN AND FORWARD TO YOU WRITTEN VERIFICATION THEREOF.  SHOULD YOU NOT DO
SO, THE DEBT WILL BE CONSIDERED VALID.  IN ADDITION, YOU MAY REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT ONE.

·· The mortgagee, beneficiary, or authorized agent has fulfilled its obligation under California Civil Code Section 2923.5(a) by contacting the borrower either in person or by telephone to assess the borrower's financial situation and explore options to avoid foreclosure prior to 30 days of filing the Notice of Default.   The borrower was advised of their right to a subsequent meeting within 14 days of the initial contact.  In addition, the borrower was provided with the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency.

Dated: 8/29/2012

Western Progressive, LLC, as agent for beneficiary

David Cotton, Authorized Agent

# EXHIBIT "B"

Los Angeles
Superior Court

| LACourt ONLINE | Appellate | Civil | Criminal | Family Law | Juvenile | Mental Health | Probate | Small Claims | Traffic |

Home    Juror Services    About the Court    Locations    Search

You Are In: Home > Civil > Online Services > Case Summary > Search Results

## Case Summary

[PRINT]

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

**Case Number:** BC516890
ANA ARREDONDO VS HSBC BANK USA N A ET AL

**Filing Date:** 07/31/2013
**Case Type:** Mortgage Foreclosure (General Jurisdiction)
**Status:** Pending

Future Hearings

**12/03/2013** at 08:30 am in department 41 at 111 North Hill Street, Los Angeles, CA 90012
Conference-Case Management

Documents Filed | Proceeding Information

Parties

ARREDONDO ANA - Plaintiff/Petitioner

DOES 1 THROUGH 20 - Defendant/Respondent

EVANS CHARLES - Attorney for Plaintiff/Petitioner

HSBC BANK USA N.A. - Defendant/Respondent

OCWEN LOAN SERVICING LLC - Defendant/Respondent

Case Information | Party Information | Proceeding Information

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

Documents Filed (Filing dates listed in descending order)

**08/14/2013** Proof of Service
Filed by Attorney for Plaintiff/Petitioner

**08/13/2013** Proof of Service
Filed by Attorney for Plaintiff/Petitioner

**08/02/2013** Notice-Related Cases
Filed by Attorney for Plaintiff/Petitioner

**08/01/2013** Notice-Case Management Conference
Filed by Clerk

**07/31/2013** Complaint

Case Information | Party Information | Documents Filed

Proceedings Held (Proceeding dates listed in descending order)
None

Case Information | Party Information | Documents Filed | Proceeding Information

Community Outreach     Volunteers, Interns & Externs     Employment

©2009 Information Systems and Technology Bureau

# EXHIBIT "C"

Business Search - Business Entities - Business Programs                                    Page 1 of 1



California Secretary of State Debra Bowen

**Business Entities (BE)**

Online Services
- E-File Statements of
  Information for
  Corporations
- Business Search
- Processing Times
- Disclosure Search

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Statements of Information
(annual/biennial reports)

Filing Tips

Information Requests
(certificates, copies &
status reports)

Service of Process

FAQs

Contact Information

Resources
- Business Resources
- Tax Information
- Starting A Business

Customer Alerts
- Business Identity Theft
- Misleading Business
  Solicitations

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work July 30, 2013. Please refer to **Processing Times** for the received dates of filings currently being processed. T complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | OCWEN LOAN SERVICING, LLC |
| Entity Number: | 200213810063 |
| Date Filed: | 05/15/2002 |
| Status: | ACTIVE |
| Jurisdiction: | DELAWARE |
| Entity Address: | 1661 WORTHINGTON RD STE 100 |
| Entity City, State, Zip: | WEST PALM BEACH FL 33409 |
| Agent for Service of Process: | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIF |
| Agent Address: | AS CSC - LAWYERS INCORPORATING SERVICE, (C1592199) |
| Agent City, State, Zip: | * |

* Indicates the information is not contained in the California Secretary of State's database.

* Note: If the agent for service of process is a corporation, the address of the agent may be requested by ord

- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more
  **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitio**

**Modify Search**   **New Search**   **Printer Friendly**   **Back to Search Results**

**Privacy Statement** | **Free Document Readers**

Copyright © 2013   California Secretary of State



## FLORIDA DEPARTMENT OF STATE
## DIVISION OF CORPORATIONS

# Detail by Entity Name

### Foreign Limited Liability Company

OCWEN LOAN SERVICING, LLC

### Filing Information

| | |
|---|---|
| **Document Number** | M02000001240 |
| **FEI/EIN Number** | 010681100 |
| **Date Filed** | 05/14/2002 |
| **State** | DE |
| **Status** | ACTIVE |
| **Last Event** | CORPORATE MERGER |
| **Event Date Filed** | 07/07/2005 |
| **Event Effective Date** | NONE |

### Principal Address

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409

Changed: 04/27/2013

### Mailing Address

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409

Changed: 04/27/2013

### Registered Agent Name & Address

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

Name Changed: 09/01/2004

Address Changed: 09/01/2004

### Manager/Member Detail

### Name & Address

Title Manager

Erbey, William C.
402 Strand Street
Frederiksted, St. Croix, Virgin Islands (US) 00840 VI

Title Manager

Faris, Ronald M.
1661 Worthington Rd, Ste 100
West Palm Beach, FL 33409

### Annual Reports

| Report Year | Filed Date |
|---|---|
| 2011 | 04/22/2011 |
| 2012 | 04/16/2012 |
| 2013 | 04/27/2013 |

### Document Images

| | |
|---|---|
| 04/27/2013 -- ANNUAL REPORT | View image in PDF format |
| 04/16/2012 -- ANNUAL REPORT | View image in PDF format |
| 04/22/2011 -- ANNUAL REPORT | View image in PDF format |
| 04/28/2010 -- ANNUAL REPORT | View image in PDF format |
| 03/21/2009 -- ANNUAL REPORT | View image in PDF format |
| 04/19/2008 -- ANNUAL REPORT | View image in PDF format |
| 04/30/2007 -- ANNUAL REPORT | View image in PDF format |
| 04/29/2006 -- ANNUAL REPORT | View image in PDF format |
| 07/07/2005 -- Merger | View image in PDF format |
| 04/28/2005 -- ANNUAL REPORT | View image in PDF format |
| 09/01/2004 -- Reg. Agent Change | View image in PDF format |
| 04/27/2004 -- ANNUAL REPORT | View image in PDF format |
| 03/12/2003 -- ANNUAL REPORT | View image in PDF format |
| 05/15/2002 -- Foreign Limited | View image in PDF format |

Copyright © and Privacy Policies
State of Florida, Department of State

**PROOF OF SERVICE**

I, Margaret Augustyniak, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On August 20, 2013, I served the within **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441 (b) (Diversity of Citizenship)** on all interested parties in this action as follows:

[ ]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Charles Evans, Esq
LEGAL AID FOUNDATION OF LOS ANGELES
1102 Crenshaw Blvd
Los Angeles, CA 90019
(323) 801-7952
**Attorney for Ana Arredondo, Plaintiff**

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested.

[ ]   (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I

1

caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ]   (BY NORCO OVERNITE - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Norco Overnite with the delivery fees provided for.

[ ]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 20, 2013, at Newport Beach, California.

Margaret Augustyniak

**PROOF OF SERVICE**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Christina A. Snyder_____ and the assigned Magistrate Judge is _____Margaret A. Nagle_____ .

The case number on all documents filed with the Court should read as follows:

## 2:13-CV-6088-CAS (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

August 20, 2013
_____
Date

By  MDAVIS
_____
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Ana Arredondo

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

HSBC Bank USA, N.A., as Indenture Trustee

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Charles Evans, Legal Aid Foundation of Los Angeles, 1102 Crenshaw Blvd., Los angeles, CA 90019; Tel. (323) 801-7952

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
WRIGHT, FINLAY & ZAK, LLP; Lukasz I. Wozniak; 4665 MacArthur Court, Suite 280, Newport Beach, CA 92660; Tel. (949) 477-5050

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC section 1441

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure ☒ | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:**  CV13-06088

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, *and* one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida and Virginia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: August 19, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# PROOF OF SERVICE

I, Margaret Augustyniak, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On August 20, 2013, I served the within **CIVIL COVER SHEET** on all interested parties in this action as follows:

[ ]     by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Charles Evans, Esq
LEGAL AID FOUNDATION OF LOS ANGELES
1102 Crenshaw Blvd
Los Angeles, CA 90019
(323) 801-7952
**Attorney for Ana Arredondo, Plaintiff**

[X]     (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]     (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested.

[ ]     (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list.

[ ]     (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I

1

**PROOF OF SERVICE**

caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ] (BY NORCO OVERNITE - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Norco Overnite with the delivery fees provided for.

[ ] (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]  (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on August 20, 2013, at Newport Beach, California.

Margaret Augustyniak

**PROOF OF SERVICE**